UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM FRIEDMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; CITIMORTGAGE, INC.,<br><br>    Defendants. | ) Index No.: 7:18-cv-11173-VB<br>)<br>)<br>)<br>)<br>) FIRST AMENDED COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Abraham Friedman (hereinafter "Plaintiff"), alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b).

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in Monsey, New York.

5. Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. §

1681a(F) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in New York with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7. Defendant CitiMortgage, Inc. ("Citi") is a corporation that regularly conducts business in New York with its corporate headquarters located at 1000 Technology Drive, O'Fallon, Missouri 63368.

## FACTUAL STATEMENT

8. Defendants, TransUnion and Equifax, are reporting a trade line on Plaintiff's credit report from CitiMortgage, Inc. ("Citi"), bearing account number: 200542****.

9. The debt arose from a mortgage loan. On or about June 2014, the loan was transferred to another lender, and Plaintiff's payment obligations to Citi ceased.

10. The trade line was updated to reflect a $0 balance after the transfer.

11. Despite this Citi, continues reporting a current pay status of "Late 120 days" to the credit bureaus concerning Plaintiff's account through 2018.

12. The pay status is of significance. Listing a debt with a $0 balance owed as "Late 120 days" is nonsensical. If no balance is owed, the consumer cannot be late paying that balance. By continuing to report a balance however, lenders believe the consumer is currently late negatively reflecting on the consumers credit worthiness. In fact, not only do lenders believe that the

consumer is currently late based on this erroneous reporting, this erroneous status also impacts the credit score negatively.

13. Not only this, the "terms" of the loan are also being credit reported erroneously. Specifically, Plaintiff's credit report states that $360 per month is owed. However, Plaintiff is no longer obligated to make these monthly payments to Citi. By leaving this reporting incorrectly, Plaintiff's monthly obligations look greater than they truly are.

14. In March and April, 2018, Plaintiff disputed the errors on his credit report with Trans Union and Equifax.

15. TransUnion received Plaintiff's dispute but failed to conduct a reasonable investigation. Had it done so, it would have recognized that the trade line is nonsensical and wrong. Thereafter, TransUnion mailed Plaintiff his results showing the erroneous trade line being verified.

16. Equifax received Plaintiff's dispute but failed to conduct a reasonable investigation. Had it done so, it would have recognized that the trade line is nonsensical and wrong. Thereafter, Equifax mailed Plaintiff his results showing the erroneous trade line being verified.

17. Both TransUnion and Equifax forwarded Plaintiff's dispute on to Citi. Citi failed to conduct a reasonable investigation and verified the information as accurate. Had it done so, it would have recognized that the trade line is nonsensical and wrong.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANSUNION

18. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

19. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

20. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

21. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). This is evidenced by the fact that Trans Union allowed Citi to report a status as actively delinquent despite a $0 balance indicated on the trade line.

22. TransUnion negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. Had TransUnion conducted a reasonable investigation, it would not have allowed Citi to report a status as actively delinquent despite a $0 balance indicated on the trade line.

23. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

24. TransUnion's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY EQUIFAX**

25. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

28. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed Citi to report a status as actively delinquent despite a $0 balance indicated on the trade line.

29. Upon information and belief, Equifax negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. Had Equifax conducted a reasonable investigation, it would not have allowed Citi to report a status as actively delinquent despite a $0 balance indicated on the trade line.

30. Equifax negligently and willfully failed to provide notice of the reinvestigation to Plaintiff within 5 days after completing its investigation in violation of 15 U.S.C. § 1681i.

31. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

32. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY CITIMORTGAGE, INC.

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. At all times pertinent hereto, Citi was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

35. Citi willfully and negligently supplied Equifax and TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

36. Citi willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Citi conducted a reasonable investigation, it would have recognized that the trade line is nonsensical and wrong.

37. Citi willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

38. Citi willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate pay status disputed by Plaintiff.

39. Citi willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

40. Citi willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

41. As a direct and proximate cause of Citi's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

42. Citi's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Citi was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Citi for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

43. Plaintiff demands a jury trial on all issues so triable.

Dated this 4th day of February 2019.

Respectfully Submitted,

*/s/ Daniel Zemel*
Daniel Zemel, Esq. (DZ9899)
Elizabeth Apostola, Esq. (EA0423)
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T:  (862) 227-3106
F:  (973) 282-8603

dz@zemellawllc.com  
ea@zemellawllc.com  
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February 2019 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

/s/ Daniel Zemel  
Daniel Zemel, Esq.