UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ABRAHAM FRIEDMAN,  :
             Plaintiff,  :
    :  **OPINION AND ORDER**
v.  :
    :  18 CV 11173 (VB)
CITIMORTGAGE, INC.,  :
             Defendant.  :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Abraham Friedman alleges defendant CitiMortgage, Inc. ("CitiMortgage") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by willfully or negligently failing to comply with its obligations under 15 U.S.C. § 1681s-2(b) regarding an allegedly incomplete or inaccurate trade line on plaintiff's credit report.

    Now pending is CitiMortgage's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #31).

    For the reasons set forth below, the motion is DENIED.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint, and draws all reasonable inferences in plaintiff's favor, as set forth below.

    Plaintiff alleges credit reporting agencies ("CRAs") TransUnion, LLC, and Equifax Information Services, LLC, which were defendants in this action until they settled with plaintiff, reported on plaintiff's credit report a trade line (i.e., an account used to determine credit scores) furnished by CitiMortgage that arose from a mortgage loan. According to plaintiff,

1

CitiMortgage transferred the loan to another lender in June 2014, after which the trade line was updated to reflect a $0 balance. (Doc. #30 ("Am. Compl.") ¶ 10). Plaintiff alleges, however, that CitiMortgage continues to report to the credit bureaus a current pay status of "Late 120 days" concerning plaintiff's account through 2018. (Id. ¶ 11). According to plaintiff, lenders mistakenly believe plaintiff is late on payments because of the continued balance appearing on his credit report, negatively affecting plaintiff's credit score.

In addition, plaintiff alleges his credit report states he owes CitiMortgage $360 per month, even though he is no longer obligated to make the monthly payments to CitiMortgage. Plaintiff alleges this entry on his credit report makes his monthly obligations "look greater than they truly are." (Am. Compl. ¶ 13).

Plaintiff alleges he disputed the purported errors on his credit report with TransUnion and Equifax in March and April 2018. Both TransUnion and Equifax, according to plaintiff, mailed plaintiff results of their investigations, which they believed verified the disputed trade line. Plaintiff alleges they also forwarded plaintiff's dispute to CitiMortgage, which allegedly "failed to conduct a reasonable investigation and verified the information as accurate." (Am. Compl. ¶ 17).

Plaintiff alleges CitiMortgage willfully and negligently: (i) "supplied Equifax and TransUnion with information about Plaintiff that was false, misleading and inaccurate"; (ii) "failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed"; (iii) "failed to report the results of its investigation to the relevant consumer reporting agencies"; (iv) "failed to properly participate, investigate, and comply with the [CRAs'] reinvestigations, concerning the inaccurate pay status disputed by Plaintiff"; (v) "continued to furnish and disseminate inaccurate and derogatory credit, account, and other

information concerning Plaintiff to credit reporting agencies"; and (vi) failed to comply with its obligations under 15 U.S.C. § 1681s-2(b). (Am. Compl. ¶¶ 35–40).

Plaintiff claims CitiMortgage's willful or negligent actions caused him to suffer actual damages, mental anguish, humiliation, embarrassment, and injury to creditworthiness, in violation of 15 U.S.C. § 1681n or § 1681o.

## DISCUSSION

I.  Standard of Review

   A.  Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

3

B. <u>Documents Relied Upon</u>

CitiMortgage relies in part on a copy of a supposed credit report attached to defense counsel's declaration in support of its motion to dismiss. (Doc. #45 ("Weissman Decl.") Ex. 1). The document is not actually a credit report—it is CitiMortgage's reinvestigation report, as CitiMortgage concedes in its reply brief. Nevertheless, the Court may consider it in deciding the instant motion to dismiss.

In considering a motion to dismiss, a district court may consider documents "possessed by or known to the plaintiff and upon which it relied in bringing the suit." <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).

Here, according to an email attached to defense counsel's declaration, plaintiff's counsel provided the reinvestigation report to CitiMortgage after CitiMortgage requested "any available copies of the credit reports which your client claims are inaccurate." (Weissman Decl. Ex. 1 at ECF 2).[1] Plaintiff does not dispute that he possessed and relied on the reinvestigation report in bringing the instant suit.

Accordingly, the Court may consider the reinvestigation report in deciding the instant motion.

II. <u>Accuracy of the Report</u>

CitiMortgage, relying on the reinvestigation report, argues plaintiff fails plausibly to allege the disputed trade line is inaccurate or misleading.

The Court disagrees.

---

[1] "Doc. #__ at ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

"The [FCRA] places two sets of obligations on entities that furnish information to [CRAs]." Fitzgerald v. Chase Home Fin., LLC, 2011 WL 9195046, at *9 (S.D.N.Y. Feb. 28, 2011). First, under section 1681s–2(a), a furnisher must "provide accurate information" to CRAs. Second, under section 1681s–2(b), if a CRA notifies a furnisher of a dispute concerning the completeness or accuracy of information the furnisher provided to the CRA, the furnisher must (i) review the information provided by the CRA, (ii) investigate the disputed information, and (iii) report the results to the CRA. Further, if the furnisher finds that the information is incomplete or inaccurate, the furnisher must (i) report those results to all other CRAs to which the furnisher provided the information and that compile and maintain files on consumers nationally, and (ii) modify, delete, or permanently block reporting of the information. Id.

FCRA creates a private right to sue for violation of section 1681s–2(b), but not section 1681s–2(a). See 15 U.S.C. § 1681s-2(c). Under section 1681n, a furnisher who "willfully" fails to comply with 1681s–2(b) is liable to the consumer for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," punitive damages, and attorney's fees. Under section 1681o, a furnisher that "negligent[ly]" fails to comply with section 1681s–2(b) is liable for actual damages and attorney's fees only.

The Second Circuit has not yet addressed when information is "incomplete or inaccurate" under FCRA, Wenning v. On-Site Manager, Inc., 2016 WL 3538379, at *9 (S.D.N.Y. June 22, 2016), appeal dismissed, No. 16-2661 (2d Cir. Nov. 9, 2016), and courts are split on the issue. Some courts have held "a report is accurate for the purposes of the FCRA so long as it is technically accurate, or accurate on its face." Fitzgerald v. Chase Home Fin., LLC, 2011 WL 9195046, at *10 (internal quotation and citation omitted). Others have held, "a credit entry may be inaccurate within the meaning of the statute either because it is patently incorrect, or because

5

it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Id. (internal quotation and alterations omitted) (collecting cases). The "overwhelming weight of authority" supports the latter approach. Wenning v. On-Site Manager, Inc., 2016 WL 3538379, at *9 (discussing section 1681e(b)). That is the approach the Court will apply here, for substantially the reasons stated in Fitzgerald v. Chase Home Fin., LLC, 2011 WL 9195046, at *10. At least one court has denied a motion to dismiss under this standard when the plaintiff alleged the trade line at issue inaccurately stated the plaintiff had a $0 balance that was 120 days late. See Mund v. Transunion, 2019 WL 955033, at *3 (E.D.N.Y. Feb. 27, 2019).

Here, plaintiff sufficiently alleges the trade line on his credit report is misleading in a way that could adversely affect lenders' credit decisions. According to plaintiff, because CitiMortgage continues to report that plaintiff owes a balance—even if that balance is $0—and reports that balance as 120 days late, lenders believe plaintiff is currently delinquent, negatively affecting potential lenders' perception of plaintiff's creditworthiness. Plaintiff further alleges the credit report is misleading because it states plaintiff owes $360 per month, when plaintiff is no longer obligated to make those monthly payments to CitiMortgage; plaintiff claims this allegedly inaccurate notation makes his monthly obligations look greater than they are. Viewing plaintiff's allegations in the light most favorable to him, the disputed notations plausibly mislead lenders in a manner that could be expected to adversely affect their credit decisions.

Accordingly, the Court will not dismiss plaintiff's FCRA claims for failure adequately to allege the credit report is inaccurate.

III. Section 1681n Claim

CitiMortgage argues plaintiff fails plausibly to allege CitiMortgage willfully violated FCRA, requiring dismissal of plaintiff's Section 1681n claim.

6

The Court disagrees.

"Willfulness" under section 1681n embraces liability for a furnisher's "reckless disregard of statutory duty." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). "Recklessness" in this context means an "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known," and requires action that is at least "objectively unreasonable." Id. at 68–69.

Plaintiff's allegations sufficiently state a claim of willful noncompliance under section 1681n. Plaintiff alleges CitiMortgage failed to conduct a reasonable investigation, and that if CitiMortgage had done so, it would have recognized that a trade line reflecting a $0 balance as well as "Late 120 days" was "nonsensical and wrong." (Am. Compl. ¶ 36). Construed in the light most favorable to him, plaintiff's allegations plausibly suggest CitiMortgage acted in a way that, at the very least, created an unjustifiably high risk of harm that was either known or so obvious that it should have been known.

CitiMortgage argues "the mere failure to correct a plaintiff's inaccurate credit information, even after notification of the inaccuracy does not constitute a willful failure to comply with the FCRA." Jenkins v. AmeriCredit Fin. Servs., Inc., 2017 WL 1325369, at *7 (E.D.N.Y. Feb. 14, 2017) (emphasis in original) (internal quotation omitted). That may be. However, courts in this Circuit have only so held when deciding motions for summary judgment or at subsequent stages of litigation. See, e.g., id. at *1. At this early stage of the case, plaintiff's allegations, though sparse, are sufficient. Cf. Frederick v. Capital One Bank (USA), N.A., 2015 WL 5521769, at *6 (S.D.N.Y. Sept. 17, 2015) ("Because Plaintiff further alleges that inaccurate information remained on his credit report despite disputing those items, . . . he states a plausible

claim to relief under FCRA as to [furnishers of information]."), amended on reconsideration, 2015 WL 8484560 (S.D.N.Y. Dec. 8, 2015).

Accordingly, the Court will not dismiss plaintiff's section 1681n claim for failure adequately to allege willfulness.

IV.  Section 1681o Claim

CitiMortgage argues plaintiff fails plausibly to allege actual harm, and therefore plaintiff's Section 1681o claim must be dismissed.

The Court disagrees.

To prevail on a FCRA claim, a plaintiff must prove that inaccurate information in a credit report caused him harm. Frederick v. Capital One Bank (USA), N.A., 2018 WL 1583289, at *9 (S.D.N.Y. Mar. 27, 2018), appeal dismissed, 2019 WL 4011476 (2d Cir. Feb. 27, 2019). "Actual damages under the FCRA may include a denial of credit, as well as humiliation and mental distress, even in the absence of out-of-pocket expenses." Jenkins v. AmeriCredit Fin. Servs., Inc., 2017 WL 1325369, at *8 (internal quotation omitted). However, at least one court has allowed a FCRA claim to survive a motion to dismiss when the plaintiff allegedly refrained from applying for credit because she believed lenders would reject her application due to a disputed trade line on her credit report. Mund v. Transunion, 2019 WL 955033, at *3 & n.3.

Here, plaintiff alleges the disputed trade line causes lenders to believe he is late on payments and owes more money than he is obligated to pay, thereby negatively affecting his credit score. Although plaintiff's allegations are again threadbare, they are sufficient—barely— to survive a motion to dismiss. Of course, CitiMortgage may renew its arguments as to willfulness and damages on a motion for summary judgment.

Accordingly, the Court will not dismiss plaintiff's section 1681o claim for failure adequately to allege actual harm.

## CONCLUSION

The motion to dismiss is DENIED.

By September 17, 2019, CitiMortgage shall file an answer.

The Clerk is directed to terminate the motion. (Doc. #31).

Dated: September 3, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge